For meaning of Abreviations, See Ternary Digest, page XII.

---

### No. 800

### VAN SOELEN v. CLEMENS-PURVIS OIL CO.

On motion to certify; Dock. May 18, 1926; 4 Abs. 322.

313. CORPORATIONS—If a stockholder refuses to ratify or accept any benefits arising from a transfer of all corporation assets to another corporation in accordance with the vote and direction of three-fourths of the stockholders and thereupon elects to receive the value of his stock and money and after so electing the selling corporation rescinds and sets aside the transfer of the assets, is the dissenting stockholder a creditor of the corporation or does the rescission operate to still hold him as a stockholder?

A. C. Van Soelen brought this action originally in the Hancock Common Pleas against Clemens-Purvis Oil & Gas Company to recover the determined value of his stock in said company.

In February 1922 the Clemens-Purvis Company pursuant to a vote of more than three-fourths of the stockholders transferred all its property and assets to the Virhio Gas Company.

Van Soelen dissented to this transfer and refused to participate in the proceeds of the sale and filed his protest. Thereupon arbitrators were appointed by law to determine and fix the value of this dissenting stockholder which was subsequently done. Upon the neglect and refusal of the Clemens-Purvis Company to pay the assessed amount this action was begun and judgment was rendered in favor of Van Soelen for the determined value of the stock.

In the meantime the Clemens-Purvis Company had, by court action rescinded and set aside the transfer to the Virhio Co.

The Court of Appeals reversed the judgment of the Common Pleas on the ground that the judgment was contrary to law in that the rescission of the transfer changed the status of this dissenting stockholder from a creditor to a stockholder.

Van Soelen in the Supreme Court contends:

1. That the right of a dissenting stockholder to the value of his stock arises immediately at the time of the sale and transfer and that the delay in payment by the corporation is merely for the purpose of fixing the value of the stock.

2. That a dissenting stockholder becomes a creditor of the corporation at the time of the transfer and that his status as such cannot be changed without his consent.

3. That the holding of the Court of Appeals will cause inequitable results in that a corporation can take advantage of its own wrong and change the laws to the dissenting stockholders or after the contract inures profitably it can take advantage of such contract and insist that the dissenting stockholder accept the amount of the value of his stock.

Attorneys—Axline and Pendleton, for Van Soelen; Blackford & Blackford for Oil Co.; all of Findlay.